# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL H. GRAHAM,** ) | |
|     **Movant,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 1:06-00239** |
| ) | **(Criminal Action No. 1:99-00222-02) and** |
| **UNITED STATES OF AMERICA,** ) | **(Criminal Action No. 1:00-0226-01)** |
|     **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On March 31, 2006, Movant, by counsel, Ron Boyter, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Document No. 1.) As grounds of error, Movant alleges as follows: (1) Movant "was denied credit for time already served;" (2) Movant's "sentence was enhanced without a finding that he was guilty beyond a reasonable doubt;" and (3) Movant's "sentence is excessive and in disproportion to his co-defendants." (Id., p. 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Essentially, Movant is challenging the computation of his federal sentence and the validity of his conviction and sentence. To the extent Movant is requesting credit against his federal sentence, Movant's Motion must be considered as an Application Under 28 U.S.C. § 2241 For Writ of *Habeas Corpus* By a Person in Federal Custody. As such, Movant's Application must be summarily dismissed because jurisdiction over such Motions rests in the District where Movant is in custody,

the Eastern District of Kentucky,[1] not in the Southern District of West Virginia. To the extent Movant is challenging the validity of his conviction and sentence, Movant's Section 2255 Motion must be dismissed because the Motion is successive.

**PROCEDURE AND FACTS**

On April 28, 2000, after a trial by jury, Movant was convicted in the United States District Court for the Southern District of West Virginia, of obstructing the examination of a financial institution in violation of 18 U.S.C. § 1517.[2] (Criminal Action No. 1:99-00222-002, Document Nos. 210 and 219.) On July 31, 2000, the District Court sentenced Movant to a 51 month term of imprisonment. (Id., Document No. 275.) On May 12, 2000, Movant filed a Notice of Appeal of the conviction reflected in this Court's Order entered on May 5, 2000, to the United States Court of Appeals for the Fourth Circuit. (Id., Document No. 222.) Movant filed a Superseding Notice of Appeal on August 7, 2000, from the judgment and sentence entered on July 31, 2000. (Id., Document No. 277.) On November 20, 2000, Movant's appeal was dismissed by the Fourth Circuit on his Motion to Dismiss under Rule 42(b) of the Federal Rules of Appellate Procedure. See United States v. Church, 2001 WL 585108 (4th Cir. (W.Va.) May 31, 2001).

On November 16, 2000, Movant pled guilty to a two count Information charging him with bank fraud and money laundering in violation of 18 U.S.C. §§ 1344 and 1957. (Criminal Action No.1:00-00226-01, Document Nos. 7 - 9.) On December 17, 2001, Movant was sentenced by the

---

[1] Movant is currently incarcerated at Lexington FMC, in Lexington, Kentucky.

[2] On November 10, 1999, a three Count Indictment was returned against Movant. On April 28, 2000, the jury returned a verdict of not guilty on Count One, guilty on Count Two, and Movant was acquitted of the charges contained in Count Three. (Criminal Action No. 1:99-00222-002, Document Nos. 22 & 273.)

District Court to a total term of 150 months of imprisonment,[3] to be followed by a five-year term of supervised release. (Id., Document No. 22.) At the time of Movant's second sentencing, he was serving an undischarged term of imprisonment on his prior conviction in Criminal Action No. 1:99-00222-02.[4] The District Court ordered Movant's sentence to run concurrent to Movant's unexpired sentence of 51 months of imprisonment, imposed on July 31, 2000, in Criminal Action No. 1:99-00222-002. (Id.) Movant did not pursue a direct appeal of this conviction and sentence.[5] By Order entered on January 3, 2006, the District Court gave notice that it was considering amending its judgment order and sentencing memorandum in Criminal Action No. 1:00-00226-01 to correct a clerical error by adding the following language: "Defendant is to be given credit for all time served in 1:99-00222-02."[6] (Id., Document No. 33, p. 2.) On March 21, 2006, the District Court filed an

---

[3] The District Court sentenced Movant to 150 months of imprisonment on Count One for bank fraud, and 120 months of imprisonment on Count Two for money laundering, to run concurrently. The District Court also imposed a fine of $2,000 and a special assessment of $100.

[4] U.S.S.G. § 5G1.3(a) requires a consecutive sentence for defendants who commit an offense during a term of imprisonment or the period of time between the sentencing of a prior offense and the beginning of the imprisonment term for that offense. U.S.S.G. § 5G1.3(b) requires a concurrent sentence and applies when subsection (a) does not and "the undischarged term of imprisonment resulted from offense levels that have been fully taken into account in the determination of the offense level of the instant offense." U.S.S.G. § 5G1.3(c) applies in all other cases and allows that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

[5] As part of his Plea Agreement entered into on November 16, 2000, with the United States, Movant expressly agreed to waive his right to appeal his conviction and sentence in Criminal Case No. 1:00-00226-01, and to voluntarily withdraw his appeal filed in Criminal Case No. 1:99-00222-002. (Document No. 8, 1:00-00226-01.)

[6] The District Court explained as follows: "Although a review of the record herein makes clear that the sentences in 1:99-00222-02 and 1:00-00226-01 were to run concurrently in their entirety and that defendant was to be given credit for time already served on his first sentence, the court neglected to explicitly order that defendant be given credit for time served on the sentence in 1:99-00222-02. (Criminal Action No. 1:00-00226-01, Document No. 33.)

Amended Judgment Order and Sentencing Memorandum in Criminal Action No. 1:00-00226-01, which included the above language. (Id., Document Nos. 35 and 36.)

On January 13, 2003, Movant filed two identical Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Civil Action No. 1:03-0041, Document No. 1 and Civil Action No. 1:03-0042, Document No. 1.) In both Motions, Movant argued that he was entitled to an award of five days of credit toward his first sentence, Case No. 1:99-00222-002, for time in which he "was held in the custody of the Attorney General ... in October 2000, following his arrest in that month." (Civil Action No. 1:03-0041, Document No. 1, p. 8 and Civil Action No. 1:03-0042, Document No. 1, p. 9.) Movant further claimed that with respect to his second sentence, Case No. 1:00-00226-01, the District Court "failed to incorporate the time that [he] had served on the sentence in the First Case - - from July 31, 2000, to December 17, 2001 (16 months and 17 days)." (Id.) Movant therefore requested this Court to grant him credit toward his federal sentences in the total amount of 16 months and 22 days. (Id.) On April 21, 2003, the undersigned entered his Proposed Findings and Recommendation in Civil Action No. 1:03-0041, recommending that Movant's Section 2255 Motion be dismissed. (Civil Action No. 1:03-0041, Document No. 6.) By Order entered on March 1, 2006, the Court consolidated Civil Action Nos. 1:03-0041 and 1:03-0042 and directed that "the undersigned's Proposed Findings and Recommendation and Petitioner's Response and Supplemental Response in Civil Action 1:03-0041 (Document Nos. 6, 7 and 8) shall be regarded as filed in Civil Action No. 1:03-0042." (Id., Document No. 9.) By Memorandum Opinion and Judgment Order entered on March 21, 2006, the District Court dismissed Movant's Section 2255 Motions as moot finding that the Court amended Movant's sentencing documents, which "should resolve any ambiguity as to the court's sentence and make it absolutely clear that plaintiff is to receive credit for

4

all time served on his first sentence against his second sentence." (Civil Action No. 1:03-0041, Document Nos. 11 and 12 and Civil Action No. 1:03-0042, Document Nos. 9 and 10.)

On March 31, 2006, Movant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody. (Civil No. 1:06-0239, Document No. 1.) As grounds of error, Movant alleges as follows: (1) Movant "was denied credit for time already served;" (2) Movant's "sentence was enhanced without a finding that he was guilty beyond a reasonable doubt;" and (3) Movant's "sentence is excessive and in disproportion to his codefendants." (Id., p. 6.) First, Movant contends that when his "time of imprisonment was calculated by the Bureau of Prisons, no regard was given for the five (5) days Mr. Graham served upon his initial arrest in October 1999 and he failed to receive credit in his second sentence for the time of imprisonment from July 31, 2000 until December 17, 2001." (Id., p. 10.) In light of the Supreme Court's decision in Booker, Movant next alleges that the District Court improperly enhanced his sentences in Criminal Action Nos. 1:99-00222-02 and 1:00-0226-01 by using a preponderance of the evidence standard. (Id., pp. 11 - 13.) Finally, Movant asserts that his sentence is disproportionate to that of his co-defendant because "Ms. Terry Church was recently given a reduction in sentence based on a Rule 35(b) filed by the Government and due to her activities since incarceration." (Id., pp. 14 - 15.)

## ANALYSIS

Allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241.

**1.    Claims under Section 2255.**

The undersigned finds that Petitioner's claims challenging his sentence as being excessive[7] and improperly enhanced[8] are properly considered under Section 2255. However, this is Movant's second or successive Motion under Section 2255.[9] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[7] Movant's claim that his "sentence is excessive and in disproportion to his co-defendants" is without merit. The Fourth Circuit has recognized that mere disparity of sentence among co-defendants does not, in and of itself, suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants. *See United States v. Ellis*, 975 F.2d 1061, 1065 - 66 (4th Cir. 1992)(recognized that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of co-defendants); *United States v. Truelove*, 482 F.2d 1361 (4th Cir. 1973)(claim of disparate sentences imposed on co-defendants held to be without merit where the sentence did not exceed the statutory limits and it did not appear the defendant receiving the lengthier sentence was arbitrarily singled out).

[8] Movant's argument that he should be re-sentenced pursuant to *Booker* and *Blakey* is without merit. Movant's conviction became final prior to the *Booker* decision. The *Booker* holding applies "to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *United States v. Booker*, 543 U.S. 220, 267, 125 S.Ct. 738, 769,160 L.Ed.2d 621 (2005)(*quoting Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). Additionally, the Fourth Circuit Court of Appeals has concluded that *Booker* does not apply retroactively to persons whose convictions were final prior to the Supreme Court's decision. *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). Finally, Movant's *Blakely/Booker* claim is not cognizable in these collateral proceedings. *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002), *cert. denied*, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their *Apprendi* claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .."

[9] In Civil Action Nos. 1:03-0041 and 1:03-0042, the undersigned recommended that Movant's Section 2255 Motions be dismissed as untimely. (Civil Action No. 1:03-0041, Document No. 6 and Civil Action No. 1:03-0042, Document No. 6.)

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law.[10] Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A).[11] Movant has not obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. Accordingly, this Court is prevented by statute, 28 U.S.C. §§ 2244(b)(3) and 2255, from entertaining Movant's

---

[10] The undersigned notes that Movant cites *Booker* in support of his claim. The Fourth Circuit Court of Appeals, however, has determined that *Booker*, which made *Blakely* applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. *Morris*, 429 F.3d at 65.

[11] Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Motion.

    **2.**    <u>**Claim under Section 2241.**</u>

A petition under Section 2241 must be filed in the District Court in the District where petitioner is in custody. 28 U.S.C. § 2241(d)(2002). The District Court where the case is filed can, "in the exercise of its discretion and in furtherance of justice," transfer the case to the appropriate District Court for hearing and determination. Id. Before Movant can file a Section 2241 *habeas* Petition in Federal Court, he must first raise his claim *via* the administrative remedy procedure established by the Federal Bureau of Prisons at 28 C.F.R. § 542.10 - 19.[12] The undersigned finds that Movant's claim challenging the computation or execution of his federal sentence is properly considered under Section 2241, not Section 2255.[13] As a claim under Section 2241, it is not properly before the District Court for the Southern District of West Virginia. Movant is in custody at Lexington FMC and jurisdiction lies therefore in the Eastern District of Kentucky. Finally, it appears that Movant's above claim may be moot as he prepared his instant Motion prior to receiving the District Court's Amended Judgment Order and Sentencing Memorandum in Criminal Action No. 1:00-00226-01, which clarified that Movant was to receive credit against his sentence in Criminal Action No. 1:00-00226-01 for "all time served in 1:99-00222-02.[14] Accordingly, Movant's Motion

---

[12] There is no indication in the record that Movant has exhausted his administrative remedies.

[13] Currently, the Bureau of Prisons indicates that Movant's projected release date is June 17, 2011.

[14] In his instant Section 2255 Motion filed by counsel on March 31, 2006, Movant indicates that he "previously filed a Motion under 28 U.S.C. § 2255 concerning the improper calculation for his time of imprisonment on January 10, 2003 without any response from this Court." (Civil Action No. 1:06-00239, Document No. 1, p. 9.) Although Movant's Motion was filed on March 31, 2006, the undersigned notes that the Motion was dated February 28, 2006. (*Id.*, p. 8.) On March 21, 2006, the District Court filed an Amended Judgment Order and Sentencing Memorandum in Criminal

should be dismissed to the extent he is alleging a claim under Section 2241.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 1) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

Action No. 1:00-00226-01, which included the language that "Defendant is to be given credit for all time served in 1:99-00222-02." (Criminal Action No. 1:00-00226-01, Document Nos. 35 and 36.) By Memorandum Opinion and Judgment Order also entered on March 21, 2006, the District Court dismissed Movant's Section 2255 Motions in Civil Action Nos. 1:03-0041 and 1:03-0042 as moot finding that the Court amended Movant's sentencing documents, which "should resolve any ambiguity as to the court's sentence and make it absolutely clear that plaintiff is to receive credit for all time served on his first sentence against his second sentence." (Civil Action No. 1:03-0041, Document No. 37 and 38.) Therefore, it appears that Movant prepared his instant Section 2255 Motion prior to receiving the District Court's above orders.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*.

Date: March 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge